IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KIMBERLY HAUGHT, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:16CV942–HEH
)
THE WIRELESS CENTER, INC., )
)
Defendant. )

## MEMORANDUM OPINION
(Granting in Part Motion for Attorneys' Fees and Costs)

This is an action for unpaid overtime wages and damages under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.* It is presently before the Court on Plaintiff Kimberly Haught's ("Plaintiff") Motion for Attorneys' Fees and Costs. (ECF No. 12.) For the reasons stated below, the Motion will be granted, but not to the full extent requested. Plaintiff will be awarded $6,991.65 in attorneys' fees and $445.67 in costs.

## I. BACKGROUND

On November 30, 2016, Plaintiff brought this action against her former employer, The Wireless Center, Inc. ("Defendant"). (Compl., ECF No. 1.) In her one-count Complaint, Plaintiff alleges that Defendant promoted her to "Manager/Manager in Training" in order to avoid paying her overtime for the time that she worked in excess of forty hours per week. (*See generally id.*)

Plaintiff properly served Defendant on December 2, 2016, and filed a signed proof of service on December 7, 2016. (ECF No. 3.) Defendant failed to answer or otherwise respond to the Complaint within twenty-one days of service, as required by Federal Rule of Civil Procedure 12(a). Accordingly, at Plaintiff's request, the Clerk of the Court entered default on December 30, 2016. (ECF No. 5.) On March 29, 2017, Plaintiff moved for default judgement, which the Court granted on April 13, 2017. (ECF Nos. 9, 11.) The Court awarded Plaintiff a judgment of $2,265.06, consisting of $1,132.53 in back wages for 157.5 hours of overtime and an equivalent amount of liquidated damages.

Plaintiff filed the instant Motion on May 3, 2017. She requests that the Court grant her $8,448.50 in attorneys' fees and $445.67 in costs, pursuant to 29 U.S.C. § 216(b).[1] Defendant has filed no response to the Motion.

## II. LEGAL STANDARD

A prevailing plaintiff in an FLSA action "is entitled to an award of reasonable attorney's fees and costs." *Jackson v. Estelle's Place, LLC*, 391 F. App'x 239, 242 (4th Cir. 2010) (unpublished opinion); *see* 29 U.S.C. § 216(b). The Court has the discretion to determine what constitutes reasonable attorney's fees. *Lyle v. Food Lion, Inc.*, 954 F.2d 984, 989 (4th Cir. 1992); *see also Robinson v. Equifax Info. Services, LLC*, 560 F.3d 235, 243 (4th Cir. 2009) ("We review an award of attorney's fees for abuse of discretion. 'Our review of the district court's award is sharply circumscribed; we have recognized that because a district court has close and intimate knowledge of the efforts expended and the

---

[1] Section 216(b) states in pertinent part: "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

value of the services rendered, the fee award must not be overturned unless it is clearly wrong.'") (quoting *Plyler v. Evatt*, 902 F.2d 273, 277–78 (4th Cir. 1990)) (internal citation omitted).

## III. ANALYSIS

### A. Attorneys' Fees

When determining an award of attorneys' fees, the Court must first multiply the number of hours reasonably expended by a reasonable hourly rate. *Robinson*, 560 F.3d at 243. This approach, commonly called the lodestar method, generates a presumptively reasonable fee. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986). In determining what constitutes a reasonable number of hours and billing rate, the Fourth Circuit has instructed that a district court's discretion should be guided by the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the out-set of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson*, 560 F.3d at 243–44.

While the lodestar provides a presumptively reasonable fee, its calculation "does not end the inquiry." *Lyle*, 954 F.2d at 989 (quoting *Del. Valley Citizens' Council*, 478 U.S. at 565). The district court has discretion to adjust the fee upward or downward as it

3

deems appropriate, so long as it is "done on a principled basis, clearly explained by the court." *Id.* For example, the Court "should subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Robinson*, 560 F.3d at 244 (quoting *Grissom v. The Mills Corp.*, 549 F.3d 313, 321 (4th Cir. 2008)).

In this case, Plaintiff requests attorneys' fees for a total of 29.5 hours of work conducted by the law firm Butler Royals, PLC. This includes 15.4 hours performed by Zev Antell, a partner with nine years of experience; 11.0 hours performed by Paul Falabella, an associate with six years of experience; and 3.1 hours performed by paralegals. Plaintiff seeks hourly rates of $325 per hour for Mr. Antell, $275 per hour for Mr. Falabella, and $135 per hour for paralegals—totaling $8,448.50.

In support of her request, Plaintiff has included Butler Royals' billing records for her case. Plaintiff also cites to the declaration of Craig J. Curwood, a Richmond, Virginia, attorney with eighteen years' experience trying FLSA cases. Mr. Curwood states that the amount of time spent and the hourly rates charged by Plaintiff's attorneys are reasonable.

Based on Plaintiff's evidence, the Court agrees with her calculation of the lodestar. The Court finds that rates of $325 per hour for Mr. Antell, $275 per hour for Mr. Falabella, and $135 per hour for paralegals are reasonable. The Court further finds that 29.5 hours is a reasonable amount of time to investigate the case, draft and file the Compliant, and litigate through the default judgment stage. Therefore, the presumptively reasonable lodestar amount of $8,448.50 is an appropriate starting point for the Court's analysis.

4

The Court must next consider whether any factors warrant a raising or lowering of the lodestar fee. The Court concludes that the fee in this case should be lowered to $6,991.65 to account for the lawyers' unsuccessful attempts to identify additional plaintiffs as well as their practice of "block billing."

Plaintiff indicates that her counsel has already "exercised their billing judgment and is not requesting time spent interviewing other potential opt-in plaintiffs who did not ultimate [sic] join the case." (Pl.'s Br. Supp. Mot. Att'y Fees 4, ECF No. 13.) Accordingly, Plaintiff's requested fee takes into account a reduction of 0.7 hours for Mr. Antell and 1.7 hours for Mr. Falabella. The Court agrees with Plaintiff's counsel that it would be inappropriate to award attorneys' fees for time they spent unsuccessfully seeking additional plaintiffs. However, Butler Royals' billing records indicate that Plaintiff's lawyers spent more than the combined 2.4 hours attempting to identify potential plaintiffs. The Court finds, in actuality, that Mr. Antell spent 2.2 hours and Mr. Falabella spent 2.4 hours in their attempts to solicit additional plaintiffs.[2] Therefore, the Court will subtract $680 from the lodestar to adjust for that additional time.

The Court will also reduce Plaintiff's attorneys' fee award due to her counsel's block billing—their "practice of grouping, or 'lumping,' several tasks together under a single entry, without specifying the amount of time spent on each particular task." *Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 716 (E.D. Va. 2012) (quoting *Guidry v. Clare*, 442 F. Supp. 2d 282, 294 (E.D. Va. 2006)). This Court has

---

[2] This time includes conferences and phone calls with potential "opt-in" plaintiffs as well as time "[r]evis[ing] Complaint to include additional opt-in." (ECF No. 13-3.)

repeatedly held that block billing renders it unable to make an adequate determination as to the reasonableness of time spent on individual tasks. *See, e.g., Crump v. United States Dept. of Navy*, No. 2:13CV707, – – F. Supp. 3d – –, 2017 WL 1158244, at *11 (E.D. Va. 2017); *Zoroastrian Ctr. & Darb-E-Mehr of Metro. Washington, D.C. v. Rustam Guiv Found.*, No. 1:13CV980, – – F. Supp. 3d – –, 2017 WL 1129940, at *2 (E.D. Va. 2017). Thus, the Court will reduce Plaintiff's attorneys' fee award by an additional 10% to account for insufficient block billing records. *See Route Triple Seven Ltd. P'ship v. Total Hockey, Inc.*, 127 F. Supp. 3d 607, 621–22 (E.D. Va. 2015) (noting that courts typically remedy block billing by reducing the requested fee by 10% to 20%).

Therefore, after reducing the $8,448.50 lodestar by $680 for time spent seeking additional plaintiffs and then by 10% for block billing, the Court will award attorneys' fees to Plaintiff in the amount of $6,991.65.

## B. Costs

In addition to attorneys' fees, Plaintiff seeks to recover $445.67 in litigation costs pursuant to 29 U.S.C. § 216(b). These costs include the Court's filing fee, the cost of serving Defendant, and postage. The Court finds that these requested costs are reasonable and will grant Plaintiff's Motion as it relates to costs.

## III. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Attorneys' Fees and Costs will be granted in part. Defendant will be ordered to pay $6991.65 in attorneys' fees and $445.67 in costs.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: May 18, 2017
Richmond, Virginia